```
            UNITED STATES DISTRICT COURT FOR THE
                   DISTRICT OF NEW HAMPSHIRE
```

Edward Charles Furlong, III

    v.                                          Civil No. 10-cv-453-JD

Doug Garland et al.


### REPORT AND RECOMMENDATION

Before the Court is Edward Furlong's Emergency Motion for Preliminary Injunction (doc. no. 4) seeking an Order from this Court awarding him access across property belonging to the Bartlett Water Precinct ("Precinct") and managed by the Town of Bartlett ("Town"). The matter has been referred to me for a Report and Recommendation (doc. no. 5). For the reasons explained herein, I recommend that the Emergency Motion for Preliminary Injunction be denied, as I find that Furlong cannot demonstrate that he is likely to succeed on the merits of his underlying civil rights lawsuit.

### Discussion

I.   Standard of Review

A preliminary injunction cannot issue unless the moving party satisfies certain requirements for such relief. See Ross-Simons of Warwick, Inc. v. Baccarat, Inc., 102 F.3d 12, 18-19

(1st Cir. 1996) (plaintiff bears burden of proof for preliminary injunction). Those requirements are:

> First, the likelihood that the party requesting the injunction will succeed on the merits; second, the potential for irreparable harm if the injunction is denied; third, the hardship to the nonmovant if injunctive relief is denied; and fourth, the effect of the court's ruling on the public interest.

Francisco Sanchez v. Esso Std. Oil Co., 572 F.3d 1, 14 (1st Cir. 2009) (quoting Water Keeper Alliance v. U.S. Dep't of Defense, 271 F.3d 21, 30 (1st Cir. 2001)); Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 75 (1st Cir. 2005). "'The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" Wine & Spirits Retailers, Inc. v. Rhode Island, 418 F.3d 36, 46 (1st Cir. 2005) (quoting New Comm Wireless Servs. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002)); cf. Waldron v. George Weston Bakeries, Inc., 570 F.3d 5, 9 (1st Cir. 2009) (likelihood of success "normally will weigh the heaviest in this four-part decisional calculus").

II. Likelihood of Success on the Merits

In his action presently before this Court, Furlong asserts that he is entitled to an easement or right of way across land

adjacent to property he owns in Bartlett, New Hampshire.  The property in question is owned by the Precinct, and managed by the Town through its Recreation Department.

Furlong states that from 1998 until the present, he has owned and operated Lil' Man Snowmobile Rentals ("Lil' Man") located at 1455 Route 302 in Bartlett, New Hampshire.  Adjacent to Furlong's property is property owned by the Precinct ("Precinct Property").  The portion of the Precinct Property directly abutting Furlong's land was, prior to Furlong's opening of his snowmobile business, and until 2008, the Gateway-Ballfield Road ("GBR"), a roadway open to the public to access snowmobile trails in the White Mountain National Forest ("WMNF") located behind Furlong's property and the Precinct Property.  On September 22, 2008, Furlong received notice that, effective November 1, 2008, the GBR would no longer be accessible to the public and no longer be accessible to Furlong or Lil' Man to use to access the WMNF trails by snowmobile.  The act of closing Furlong's access to the GBR was the culmination of a long and rancorous relationship between Furlong and the defendants to this action.

Unable to resolve the matter to his satisfaction amicably, Furlong filed suit on December 22, 2008 in the Carroll County

Superior Court against the Precinct, the Town, and the United States, seeking, among other things, access to the GBR.  The United States removed that action to this Court on December 23, 2008.  On January 6, 2009, Furlong filed a motion to stay the proceedings in this Court as the parties were engaged in settlement discussions.  On January 15, 2009, Furlong voluntarily dismissed the United States as a defendant in that matter and filed a motion to remand the case to the Carroll County Superior court.  The case was remanded on April 1, 2009.

    In the meantime, the parties worked out a settlement agreement ("Agreement").  <u>See</u> "Temporary Access Agreement," attached to this Report and Recommendation as Exhibit A.  The Agreement was signed by all parties on February 13, 2009, and was effected on March 13, 2009.  In the Agreement, in consideration of a temporary right to access the GBR, and the ability to buy permanent access to the GBR for the limited purpose of accessing cabins at the rear of his property, Furlong expressly waived his right to further litigate all of the matters in that lawsuit or that could have been brought in that suit against the Town and Precinct defendants and their agents, representatives, and employees.  The Agreement reads, in pertinent part:

4

      4.   Subject to the terms of this Agreement, [Furlong and Lil' Man] agree to release, indemnify and hold harmless the Precinct, the Town, and their respective agents, representatives, employees and attorneys, from any claims, causes of action and damages which [Furlong and Lil' Man], collectively or individually, have or may have had up to the date of the execution of this Agreement related to [Furlong's and Lil' Man's] business and the subject matter of the suit filed by [Furlong and Lil' Man] in US District Court entitled <u>Lil' Man Snowmobile/JetSki Rentals, Inc., and Edward Furlong III v. Bartlett Water Precinct, Town of Bartlett, and the United States of America</u> and the suit filed in Carroll County Superior Court under the same title, Docket number 08-E-160 or which could have been brought in the Lawsuits or any other action associated with such items.  Upon execution of this Agreement, [Furlong and Lil' Man] shall non-suit and dismiss with prejudice, the above referenced suits filed in state and federal court.

      5.   [Furlong and Lil' Man] hereby agree to defend, indemnify and hold the Town and Precinct harmless against any and all liability, claims, and demands arising out of any acts or injuries suffered by [Furlong and Lil' Man], their agents, employees or third parties arising out of operation of [Furlong's and Lil' Man's] business or land or use of the [GBR and Precinct] Property.

At some point during the ten months after the Agreement was signed by the parties, Furlong filed a motion in the Carroll County Superior Court seeking, among other things, a rescission of the Agreement.  The Superior Court held a hearing on the motion in November 2009 and denied the motion on December 10, 2009, finding the Agreement "valid and enforceable."  See <u>Lil' Man Snowmobile/JetSki Rentals, Inc. et al v. Bartlett Water</u>

Precinct et al., No. 08-E-0160 (Carroll Cnty. Super. Ct. filed Dec. 10, 2009) (order denying motion to rescind and dismissing action).  See December 10, 2009, Order, attached to this Report and Recommendation as Exhibit B.  There is no indication that any appeal was taken from that ruling.

    The Agreement, simply put, appears to definitively preclude the instant lawsuit to the extent it is asserted against the Town, the Precinct, or any of its employees, agents, or representatives, or subject matter that was or could have been raised in the Carroll County lawsuit.  Furlong has expressly waived his right to litigate any matters regarding GBR access and the 2008 curtailing of that access against the Town and Precinct defendants.  To the extent that any matter here was not, but could have been, raised against the Town or Precinct defendants in the Carroll County litigation prior to the date of the Agreement, Furlong appears to have likewise waived his right to sue by entering into the Agreement.

    It appears that this civil action, as it lies against the Town and Precinct, or its employees, representatives or agents, is prohibited by the Agreement.  The "Voluntary Dismissal of Claims as Against Defendant United States of America Only Pursuant to Fed. R. Civ. P. 41(a)(1)" dismisses the United

States as a defendant without prejudice from the 2008 lawsuit in this Court.  See <u>Lil' Man Snowmobile/JetSki Rentals, Inc. et al v. Bartlett Water Precinct et al.</u>, No. 08-cv-516-SM (doc. no. 6).  The instant motion seeking a preliminary injunction deals expressly with access to land owned and operated by the Town and Precinct and their agents, employees, and representatives.[1]  No allegation in Furlong's complaint provides any reason to believe, at this point, that Furlong is likely to succeed on the merits of his suit against the Town and Precinct defendants.  Accordingly, I recommend that the preliminary injunction be denied.  See <u>New Comm Wireless Servs.</u>, 287 F.3d at 9 (likelihood of success on the merits is the "<u>sine qua non</u>" of establishing need for preliminary injunctive relief).

## Conclusion

For the foregoing reasons, I recommend that the motion for preliminary injunction be denied.  Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See

---

[1] The viability of this suit, to the extent it is asserted against defendant Terry Miller in his capacity as an employee of the United States Forest Service, is not relevant to my recommendation on the preliminary injunction and is therefore not addressed here.

Unauth. Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

```
                              _____
                              Landya B. McCafferty
                              United States Magistrate Judge
```

Date:  November 3, 2010

cc:    Edward C. Furlong, III, pro se
       R. Matthew Cairns, Esq.