```
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE
```

Edward Charles Furlong, III

   v.                                       Civil No. 10-cv-453-JD
                                            Opinion No. 2010 DNH 204

Doug Garland, et al.

## O R D E R

    Edward Charles Furlong, III, proceeding pro se, brought a civil rights suit against the Town of Bartlett; the Bartlett Water Precinct; Terry Miller, a United States Forest Service employee; Annette Libby, an employee of the Bartlett Recreation Department, and Doug Garland, a selectman in Bartlett. Furlong's suit pertains to his claim that he is entitled to an easement or a right of way across property owned by the Bartlett Water Precinct, which is managed by the Bartlett Recreation Department. Furlong's state court action pertaining to the same issues was settled by agreement, the "Temporary Access Agreement," in March of 2009.

    In this suit, Furlong filed an emergency motion for a preliminary injunction, seeking access across the Precinct's property. The motion was referred to the magistrate judge. The magistrate judge issued a report, recommending that Furlong's motion be denied because his claims are precluded by the

Temporary Access Agreement. Furlong objects to the report and recommendation and also moves to vacate the Temporary Access Agreement.

A. <u>Report and Recommendation</u>

When a party objects to a report and recommendation, "a judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Furlong's objection to the report and recommendation is based on his challenge to the validity of the Temporary Access Agreement, which forms the basis for the report and recommendation.

Because Furlong raises the same arguments in a motion to vacate the Temporary Access Agreement, his arguments are considered in the context of his motion.

B. <u>Motion to Vacate Temporary Access Agreement</u>

Furlong asks the court to vacate the Temporary Access Agreement on the ground that he was under duress when he signed the agreement and was the victim of ineffective assistance of counsel. The defendants object to Furlong's motion, contending his challenge to the Temporary Access Agreement was decided

2

against Furlong in state court and that the Rooker-Feldman doctrine precludes consideration of that issue here.  In his reply, Furlong asserts that no court has considered his Sixth Amendment right to adequate counsel, which he is raising here.

As a preliminary matter, the Sixth Amendment right to counsel applies only in criminal proceedings.  See United States v. 6 Fox Street, 480 F.3d 38, 45 (1st Cir. 2007).  Because the state court proceedings, in which Furlong challenges the representation provided by his counsel, were civil proceedings, the Sixth Amendment does not apply to those matters.

Under the Rooker-Feldman doctrine, federal district courts lack jurisdiction to consider "a challenge to a state court judgment to which the challenger was a party."  Miller v. Nichols, 586 F.3d 53, 59 (1st Cir. 2009).  The doctrine "applies only when 'the losing party in state court filed suit in federal court after the state proceedings ended, complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.'"  In re Am. Bridge Prods., Inc., 599 F.3d 1, 4 (1st Cir. 2010) (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 291 (2005)).

Previously, Furlong and his business, Lil' Man Snowmobile/JetSki Rentals, Inc., who were represented by counsel, moved in state court to rescind the Temporary Access Agreement,

arguing that it was signed under duress due to the impending school vacation week, because use of the access granted in the agreement would violate Bartlett's zoning ordinance, and because one of the participants in the agreement, Doug Garland, had an interest in harming Lil' Man's business. The state court held a hearing and considered Furlong's arguments but concluded that the Agreement was valid and enforceable. Furlong then filed a motion for reconsideration, pro se, in which he argued that he signed the agreement under duress due to the actions of his counsel, which prejudiced him. The state court, however, denied his motion.

Furlong's motion in this court to vacate the Temporary Access Agreement depends on the same argument he raised in his motion for reconsideration in state court. He asks this court to find that the Agreement is invalid, which necessarily would invite a review of the state court's decision. The court lacks jurisdiction to review the state court decision.

In addition, the state court decision that the Agreement is valid and enforceable establishes that fact and is entitled to full faith and credit in this action to the same extent as it would in a New Hampshire state court. 28 U.S.C. § 1738; <u>Sutliffe v. Epping Sch. Dist.</u>, 584 F.3d 314, 326-27 (1st Cir. 2009). Under New Hampshire law, "the doctrine of collateral estoppel

4

bars a party to a prior action, or a person in privity with such a party from relitigating any issue or fact actually litigated and determined in the prior action." Gray v. Kelly, --- A.2d ---, 2010 WL 4781462, at *2 (N.H. Nov. 24, 2010) (internal quotation marks omitted). To be subject to preclusion, the issue "must be identical in each action, the first action must have resolved the issue finally on the merits, and the party to be estopped must have appeared as a party in the first action." In re Zachary G., 159 N.H. 146, 151 (2009) (internal quotation marks omitted).

In the state court action, Furlong challenged the validity of the Temporary Access Agreement. The court ruled on that issue, finding the Agreement valid and enforceable. Therefore, Furlong is precluded from challenging the validity of the Temporary Access Agreement here. As a result, his motion to vacate the Agreement is denied.

Furlong's objection provides no basis to reject or modify the report and recommendation, which concluded that Furlong's emergency motion for a preliminary injunction is barred by the Temporary Access Agreement.

## Conclusion

For the foregoing reasons, the report and recommendation (document no. 7) is approved.  The plaintiff's motion to vacate (document no. 14) is denied.

SO ORDERED.

                                                Joseph A. DiClerico, Jr.
                                                United States District Judge

December 1, 2010

cc:  R. Matthew Cairns, Esquire
     Edward Charles Furlong, III
     Douglas M. Mansfield, Esquire
     William G. Scott, Esquire