UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


<u>Edward Charles Furlong, III</u>


        v.                          Civil No. 10-cv-453-JD
                                    Opinion No. 2011 DNH 053

<u>Doug Garland, et al.</u>


<u>O R D E R</u>


        Edward Charles Furlong, III, proceeding pro se, brought a
civil rights suit against the Town of Bartlett; the Bartlett
Water Precinct; Terry Miller, a United States Forest Service
employee; Annette Libby, an employee of the Bartlett Recreation
Department; and Doug Garland, a selectman in Bartlett.  Furlong's
suit pertains to his claim that he is entitled to an easement or
a right of way across property owned by the Bartlett Water
Precinct, which is managed by the Bartlett Recreation Department.
The Town of Bartlett, Doug Garland, and Annette Libby move to
dismiss the claims against them, and Terry Miller moves to
dismiss the claims against him.  The Bartlett Water Precinct
moves for judgment on the pleadings.  Furlong filed a "reply" to
Bartlett Water Precinct's motion and to Miller's motion but did
not respond to the motion filed by Bartlett, Garland, and Libby.

<u>Background</u>

Furlong owns property in Bartlett, New Hampshire, and operates a business, Lil' Man Snowmobile Rentals, there. The Bartlett Water Precinct ("Precinct") owns property, where the town's baseball field is located, which is adjacent to Furlong's property. Until 2008, a path or roadway on the Precinct's property between the baseball field and Furlong's property was open to the public and provided public access to snowmobile trails in the White Mountain National Forest, which is behind Furlong's property and the Precinct's property. Furlong used the roadway for his business to give his customers access to the National Forest snowmobile trails.

Furlong alleges that in 1999 Doug Garland, who operated a cross country ski rental business down the road from Furlong, called to complain about snowmobiles on the cross country ski trails. Furlong further alleges that during the same year he saw Terry Miller of the Forest Service talking with Garland about the public access roadway. Furlong continued to have disputes with Garland about use of the trails.

Garland was elected to the position of Selectman in Bartlett in 2000. Annette Libby worked for the Bartlett Recreation Department, which managed the baseball field. Furlong recounts a series of disputes and problems that he had with the town,

2

Garland, and Libby related to his business and other activities on his property. Furlong also had disputes with Miller about whether Furlong was required to have a permit from the Forest Service to use the National Forest trails for his business.

On September 22, 2008, the Precinct notified Furlong that the Precinct's roadway between Furlong's property and the baseball field would no longer be open to public use. Because Furlong used the roadway for his customers to access the National Forest trails, closing the roadway prevented Furlong's customers from having access to the trails. On November 11, 2008, the town blocked the roadway with stones and logs.

Furlong, who was then represented by counsel, brought suit in state court against Bartlett, the Precinct, and the United States, seeking injunctive relief to allow him to use the roadway and to establish his right to access the National Forest trails. See Lil' Man Snowmobile/JetSki Rentals, Inc. and Edward C. Furlong III v. Bartlett Water Precinct, Town of Bartlett, and United States of America, 08-E-160, Carroll County Superior Court (Dec. 22, 2008). The United States removed the action to federal court. Lil' Man Snowmobile/JetSki Rentals, Inc. and Edward C. Furlong III v. Bartlett Water Precinct, Town of Bartlett, and United States of America, 08-cv-516-SM (D.N.H. Dec. 23, 2008). After Furlong voluntarily dismissed the United States as a

defendant, the action was remanded to state court on April 1, 2009.

Furlong also brought suit in federal court, seeking access to the National Forest trails. In <u>Lil' Man Snowmobile/Jet Ski Rental, Inc. v. Bartlett Water Precinct, Bartlett, and the United States of America</u>, Civil No. 08-cv-511-PB, (D.N.H. Dec. 18, 2008), Furlong sought public access to the National Forest trails, alleging an "access easement appurtenant to the White Mountain National Forest," a public easement by prescription, a private easement by prescription, and a public highway by use. Furlong voluntarily dismissed the action on January 15, 2009, under the terms of a settlement agreement.

In the state court action, Furlong, through counsel, negotiated an agreement with the Precinct and the town to settle the state court action and Furlong's federal court action. The "Temporary Access Agreement" was signed on February 13, 2009, to be effective on March 13, 2009. In the agreement, Furlong obtained a temporary license to use the roadway, between the baseball field and his property, to access the National Forest trails. Under the terms of the agreement, however, the temporary access license would terminate when Furlong obtained a right to permanent access from the United States Forest Service or by April 15, 2009, whichever occurred sooner. Furlong expressly

4

waived his right to further litigate the issues raised in the
state and federal court actions.

When Furlong did not get a permanent access right from the
Forest Service and his temporary access from Bartlett expired, he
moved in the state court action to rescind the Temporary Access
Agreement.  The state court held a hearing on the motion and then
issued an order, on December 10, 2009, denying the motion.  The
state court concluded that Furlong failed to show that the
agreement was signed under duress, that Bartlett and the Precinct
violated the implied covenant of good faith and fair dealing,
that no meeting of the minds occurred due to a potential
violation of the Bartlett Zoning Ordinance, and that Garland's
participation in the negotiations "poisoned the proceedings."

Furlong then filed another suit in this court.  In Edward
Charles Furlong III v. Terry Miller, et al., Civil No. 10-cv-03-
SM (D.N.H. Jan. 8, 2010), Furlong, proceeding pro se, brought
claims against the United States Forest Service, and its
employees, Terry Miller, Tom Wagner, and Mark Mageles; Doug
Garland; Town of Bartlett; and Annette Libby.  Furlong alleged
generally that the defendants violated his civil rights, violated
the Americans with Disabilities Act, and conspired with each
other to put Lil' Man Snowmobile Rentals out of business.  The
case was dismissed on April 27, 2010, because Furlong had no

legal basis to claim a right to access the White Mountain
National Forest from his property and did not state a plausible
claim of discrimination.

Furlong, proceeding pro se, filed suit in the present case
on October 5, 2010.  He moved for a preliminary injunction,
asking the court to vacate the Temporary Access Agreement and to
grant him a right to access the National Forest trails across the
Precinct's property.  The magistrate judge issued a report and
recommendation on November 3, 2010, recommending that Furlong's
motion be denied.  On December 1, 2010, the court approved the
report and recommendation, concluding that Furlong failed to show
a likelihood of success on his arguments raised in support of
vacating the Temporary Access Agreement and for a preliminary
injunction.

The parties now move to dismiss Furlong's claims against
Miller, Garland, Libby, and Bartlett, and for judgment on the
pleadings in favor of the Precinct.  The motions are addressed
separately as follows.

I.  <u>Terry Miller's Motion to Dismiss</u>

Miller moves to dismiss the claims against him on the
grounds that the claims are barred by res judicata and collateral
estoppel and because Furlong failed to effect service of process

on Miller.  Miller relies on the preclusive effect of the
dismissal of Furlong's claims in Edward Charles Furlong III v.
Terry Miller, et al., Civil No. 10-cv-03-SM (D.N.H. April 27,
2010).  In his response, Furlong states that the claims against
Miller in this action "are new issues and have not ever been
heard in a courtroom before."  To survive a motion to dismiss,
the complaint must allege "a plausible entitlement to relief."
Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007).

Because Miller raises the preclusive effect of a federal
decision, the federal standard governs the application of claim
and issue preclusion.  Perez v. Volvo Car Corp., 247 F.3d 303,
311 (1st Cir. 2001).  Res judicata or claim preclusion prevents a
party from relitigating claims that were or could have been
brought in a prior action.  Id.  The application of res judicata
requires "(1) a final judgment on the merits in an earlier suit,
(2) sufficient identicality between the causes of action asserted
in the earlier and later suits, and (3) sufficient identicality
between the parties in the two suits."  FleetBoston Fin. Corp. v.
Alt, --- F.3d ---, 2011 WL 1025269, at *7 (1st Cir. March 23,
2011) (internal quotation marks omitted).  Dismissal of a
previous suit for failure to state a claim is a final judgment on
the merits for purposes of res judicata.  Airframe Sys., Inc. v.
Raytheon Co., 601 F.3d 9, 14 (1st Cir. 2010).

In his previous suit, 10-cv-03-SM, Furlong brought claims against Terry Miller and two other Forest Service employees, the Forest Service, the Town of Bartlett, Doug Garland, and Annette Libby.  He alleged that Terry Miller violated his civil rights by refusing to issue him a special permit for access to the National Forest trails.  He further alleged that Miller acted illegally under 18 U.S.C. § 242, violated the Americans with Disabilities Act, manipulated federal laws to intimidate and harass Furlong, discriminated against Lil' Man Snowmobile Rentals, discriminated against Furlong because he used to be homeless and lacks an education, and conspired with Garland to violate his rights.  In dismissing Furlong's suit, Judge McAuliffe wrote:

> Essentially for the reasons given in defendants'
> memorandum, [Furlong] has no cause of action.
> [Furlong] cannot arguably claim any legal right to
> access the White Mountain National Forest from his
> land, and cannot plausibly assert a claim of prohibited
> discrimination arising from the fact that government
> agents have acted to enforce laws and regulations
> related to National Forest usage under the described
> circumstances.  [Furlong] does not claim race, national
> origin, sex, age, or any other recognized form of
> discrimination, but merely suggests that his former
> homeless status, or business success, or personal
> factors, are motivating the enforcing officers.  It is
> plain, however, that [Furlong's] basic claim - that he
> is entitled to access snowmobile trails in the National
> Forest from his private property - is incorrect as a
> matter of law; certainly, nothing in the complaint (or
> the preliminary injunction record or pleadings filed by
> [Furlong]) suggests any cognizable legal claim of access.
> The complaint is dismissed for failure to state a
> cognizable claim.

<u>Furlong v. Miller</u>, 10-cv-03-SM (D.N.H. April 27, 2010).

In the present action, Furlong alleges that Miller worked on his own and in collusion with Garland and Bartlett to take away Furlong's access to the National Forest trails both from his own property and through the roadway between the Precinct property and his property.  He states that he is not a person of color or an alien but belongs to a minority because he was formerly homeless and disabled by alcoholism and then became successful. Because of his former homelessness and alcoholism, Furlong alleges that he should be treated as if he were an alien or a person of color.  He states that Miller treated him differently than other businessmen and citizens and conspired with Garland to treat him differently because he was formerly homeless and an alcoholic.  He claims that Miller's actions were in violation of 18 U.S.C. §§ 241 & 242 and 42 U.S.C. § 1983.

Miller was a party in the prior suit and is a party in this suit, both of which were brought by Furlong.  In both suits, Furlong alleged that Miller discriminated against him based on his former homelessness and other personal issues and that Miller abused his office and conspired with Garland to deprive him of his right to access the National Forest trails.  Furlong cited the criminal statute pertaining to violation of civil rights, 18 U.S.C. § 242, in both suits, although he also referenced the

Americans with Disabilities Act in the prior suit and included the criminal conspiracy civil rights statute, 18 U.S.C. § 241, and the civil rights statute, 42 U.S.C. § 1983, in the present action.  Furlong's allegations in support of the claims are the same.

The court determined in the prior suit that Furlong's claim that he had a right to access the National Forest trails over a spur trail from his private property, which Miller prevented, was meritless.  Furlong's claims against Miller in both cases, regardless of the statutes he cites, are based on a right to access the National Forest trails.  His claim that he had a right to access the trails from his own property through a spur trial was decided against him in the prior suit and is barred by res judicata.

To the extent Furlong also claims that Miller violated his rights by conspiring with Garland to preclude Furlong's use of the Precinct's roadway access, that claim could have been, but was not, brought in the prior federal suit.  As a result, that claim against Miller is also barred by res judicata.  The court need not address the service of process issue.

II.  <u>Motion to Dismiss Filed by Bartlett, Garland, and Libby and</u>
<u>Motion for Judgment on the Pleadings Filed by the Precinct</u>

Although the motion filed by Bartlett, Garland, and Libby is
titled as a motion to dismiss, because those defendants filed
their answer before they filed the motion, it is considered as a
motion for judgment on the pleadings under Federal Rule of Civil
Procedure 12(c).  Motions to dismiss and for judgment on the
pleadings, however, are governed by the same standard.  <u>Godin v.</u>
<u>Schencks</u>, 629 F.3d 79, 88 n.14 (1st Cir. 2010).  To survive a
motion under Rule 12(c), "a complaint must contain factual
allegations that 'raise a right to relief above the speculative
level, on the assumption that all the allegations in the
complaint are true.'"  <u>Simmons v. Galvin</u>, 575 F.3d 24, 30 (1st
Cir. 2009) (quoting <u>Bell Atl.</u>, 550 U.S. at 545) (additional
quotation marks omitted).

Furlong alleges that the Town of Bartlett, the Precinct,
Garland, and Libby violated his civil rights, pursuant to 42
U.S.C. § 1983 and 18 U.S.C. §§ 241 and 242, because he was
formerly homeless and an alcoholic and later became a successful
businessman.  Furlong also alleges that these defendants
interfered with his business by preventing him from using the
Precinct roadway for access to the National Forest trails.  The
Precinct, Bartlett, Garland, and Libby contend that Furlong's

11

claims against them are barred by the Temporary Access Agreement,
res judicata, collateral estoppel, and the Rooker-Feldman
doctrine.

A.   Preclusive Effect of Furlong v. Miller, 10-cv-03-SM (D.N.H.
April 27, 2010)

     The decision in Furlong v. Miller, 10-cv-03-SM (D.N.H. April
27, 2010), precludes Furlong's claims that the defendants
discriminated against him based on his former homelessness and
alcoholism and his later business success.  Collateral estoppel
or issue preclusion "prevents a party from relitigating issues
that have been previously adjudicated" and is applied when "(1)
the issue sought to be precluded in the later action is the same
as that involved in the earlier action; (2) the issue was
actually litigated; (3) the issue was determined by a valid and
binding final judgment; and (4) the determination of the issue
was essential to the judgment."  Rodriquez-Garcia v. Miranda-
Marin, 610 F.3d 756, 770 (1st Cir. 2010).  Collateral estoppel or
issue preclusion may be used by a non-party to the prior
proceeding as long as the party to be bound had a full and fair
opportunity to litigate the issues.  Acevedo-Garcia v. Monroiq,
351 F.3d 547, 575-76 (1st Cir. 2003).  A dismissal on the merits
for failure to state a claim is a binding and final judgment for

12

purposes of issue preclusion.  <u>Federated Dep't Stores, Inc. v.</u>
<u>Moitie</u>, 452 U.S. 394, 399 n.3 (1981); <u>Parvati Corp. v. Oak</u>
<u>Forest, Ill.</u>, 630 F.3d 512, 517 (7th Cir. 2010).

In <u>Furlong v. Miller</u>, the court held that Furlong's former
homelessness and personal problems and his later business success
did not provide a basis for discrimination claims.  That ruling
bars Furlong's claims in this case based on the same factual
allegations.

B.   <u>Temporary Access Agreement</u>

With respect to Furlong's claims that he had a right to
access the National Forest trails over the Precinct's roadway,
those claims are barred by the Temporary Access Agreement and by
the decision in <u>Lil' Man Snowmobile/JetSki Rentals, Inc. and</u>
<u>Edward C. Furlong III v. Bartlett Water Precinct, Town of</u>
<u>Bartlett, and United States of America</u>, 08-E-160, Carroll County
Superior Court (Dec. 22, 2008).

Furlong raised the same issues he raises here, pertaining to
his right to access the National Forest trails over the
Precinct's roadway, in the state court action.  Those issues were
resolved by a settlement agreement, the Temporary Access
Agreement, in which Furlong agreed:

> to release, indemnify and hold harmless the Precinct,
> the Town, and their respective agents, representatives,
> employees and attorneys, from any claims, causes of
> action and damages which [Furlong and Lil'Man],
> collectively or individually, have or may have had up
> to the date of the execution of this Agreement related
> to [Furlong's and Lil' Man's] business and the subject
> matter of the suit by [Furlong and Lil' Man] in US
> District Court entitled <u>Lil'Man Snowmobile/JetSki
> Rentals, Inc., and Edward Furlong III v. Bartlett Water
> Precinct, Town of Bartlett, and the United States of
> America</u> and the suit filed in Carroll County Superior
> Court under the same title, Docket number 08-E-160 or
> which could have been brought in the Lawsuits or any
> other action associated with such items.

<u>See</u> Report and Recommendation, dkt. no. 7 at 5.  When the
temporary access provided under the agreement terminated and
Furlong was unable to obtain a permanent access right to the
National Forest trails from the Forest Service, he challenged the
validity of the Temporary Access Agreement in the state court
action.  The state court held that the agreement was valid and
barred Furlong's claims.

The same result pertains here.  Furlong is barred by the
terms of the Temporary Access Agreement from bringing the claims
he brings here against the Precinct, Bartlett, Garland, and
Libby.  As the court explained in the order approving the report
and recommendation denying Furlong's motion for a preliminary
injunction, Furlong is barred by the <u>Rooker-Feldman</u> doctrine and
issue preclusion from challenging the state court's determination
that the Temporary Access Agreement is valid and binding.

14

Therefore, Furlong's claims against all of the defendants are dismissed for failure to state a claim upon which relief can be granted.

Conclusion

For the foregoing reasons, Miller's motion to dismiss (document no. 25) and the remaining defendants' motions for judgment on the pleadings (documents nos. 27 and 28) are granted.

All of the plaintiff's claims are dismissed, with prejudice, for failure to state a claim.  The clerk of court shall enter judgment accordingly and close the case.

SO ORDERED.

_Joseph A. DiClerico, Jr._
Joseph A. DiClerico, Jr.
United States District Judge

March 31, 2011

cc:  R. Matthew Cairns, Esquire
     Edward Charles Furlong, III, pro se
     Douglas M. Mansfield, Esquire
     T. David Plourde, Esquire
     William G. Scott, Esquire